IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| MICHAEL SNIDER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 114-003 |
| | ) | |
| SCOTT CRICKMAR, | ) | |
| | ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner brings the above-captioned case pursuant to 28 U.S.C. § 2254. The petition is now before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases.[1] For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** that this petition be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

### I. BACKGROUND

According to Petitioner, a jury sitting in the Superior Court of Columbia County, Georgia, convicted him of one count of aggravated child molestation and four counts of

---

[1]Rule 4 of the Rules Governing Section 2254 Cases states in pertinent part:

> The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

child molestation, and he was sentenced to life imprisonment without parole. (Doc. no. 1, p. 1.) Following entry of a judgment of conviction on September 20, 2006, he filed a motion for a new trial, which was denied on May 5, 2009; the Georgia Court of Appeals affirmed his convictions on May 10, 2010. (Id. at 1-2.) The Supreme Court of Georgia denied his petition for a writ of certiorari on October 4, 2010. (Id. at 2.)

Petitioner next filed a state habeas petition in the Superior Court of Lowndes County on September 12, 2011, alleging that the trial court judge made multiple errors and that he was denied effective assistance of trial and appellate counsel; that petition was denied on September 10, 2013. (Id.) Petitioner then filed with the Supreme Court of Georgia an application for a certificate of probable cause to appeal ("CPC"), and that application was pending at the time Petitioner commenced these federal habeas proceedings.[2] (Id. at 3-4.) As of the date of this Court's review of the petition, the application for a CPC is pending with Supreme Court of Georgia. Snider v. Danforth, S14H0133 (Ga. Sept. 25, 2013), *available at* http://www.gasupreme.us/docket_search.

In his federal petition, Petitioner again claims that he is entitled to relief because the trial court judge made multiple errors and because he was denied effective assistance of trial and appellate counsel.

---

[2]The petition bears a signature date of November 25, 2013, and was originally filed in the Northern District of Georgia on January 2, 2014. (Doc. no. 1.) United States Magistrate Judge Walter E. Johnson transferred the case to this District in accordance with the policy and practice of the federal courts in all three Districts of Georgia to transfer actions attacking state convictions to the District in which the original criminal proceedings were conducted. (Doc. nos. 2, 3.)

2

## II. DISCUSSION

### A. The Exhaustion Requirement

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, and in accordance with the traditional exhaustion requirement, an application for a writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available to him by any state court procedure. See 28 U.S.C. §§ 2254(b)(1)(A) & (c). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by *any* available procedure, the question presented." Id. § 2254(c) (emphasis added). The United States Supreme Court has held that a state inmate is deemed to have exhausted his state judicial remedies when he has given the state courts, or they have otherwise had, a fair opportunity to address the state inmate's federal claims. Castille v. Peoples, 489 U.S. 346, 351 (1989). "In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).

Moreover, giving the state courts an opportunity to act on a petitioner's claims includes allowing the state courts to complete the appellate review process. As the Supreme Court explained:

> Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, we conclude that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

3

Id. at 845; see also Pope v. Rich, 358 F.3d 852, 853 (11th Cir. 2004) (*per curiam*) (ruling that a petitioner's "failure to apply for a certificate of probable cause to appeal the denial of his state habeas petition to the Georgia Supreme Court means that [the petitioner] has failed to exhaust all of his available state remedies"). This "one full opportunity" includes pursuing discretionary review with the highest available appellate court where the highest court of the state has not opted out of this requirement.[3] Id. "Generally, when a petitioner has failed to exhaust state remedies, the district court should dismiss the petition without prejudice to allow exhaustion." Reedman v. Thomas, 305 F. App'x 544, 546 (11th Cir. 2008) (*per curiam*) (citing Rose v. Lundy, 455 U.S. 509, 519-20 (1982)). However, the exhaustion doctrine does not require a petitioner to seek collateral review in state courts of issues raised on direct appeal. Walker v. Zant, 693 F.2d 1087, 1088 (11th Cir. 1982).

**B.      Petitioner's Failure to Exhaust**

Here, Petitioner acknowledges that his application for a CPC was pending before the Supreme Court of Georgia at the time he filed his federal petition, (doc. no. 1, pp. 3-4), and as explained *supra*, the Court has confirmed that it is pending as of the time of this review. Thus, Petitioner has not demonstrated the requisite exhaustion of his available state remedies. See 28 U.S.C. § 2254(b), (c). As the United States Supreme Court admonished, "[T]he state prisoner must give the state courts an opportunity to act

---

[3]In Georgia, on direct appellate review, "'a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies' . . . ." Hills v. Washington, 441 F.3d 1374, 1375 (11th Cir. 2006) (*per curiam*) (quoting Ga. Sup. Ct. R. 40).

on his claims *before* he presents those claims to a federal court in a habeas petition." O'Sullivan, 526 U.S. at 842 (emphasis added); see also Wright v. Oubre, 768 F.Supp.2d 1277, 1283 (N.D. Ga. 2011) (recognizing state remedies were not exhausted when application for a CPC was pending before the Supreme Court of Georgia). Because Petitioner fails to show that he exhausted his available state remedies, the instant federal habeas corpus petition should be dismissed without prejudice.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that this petition be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 17th day of January, 2014, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE